IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JENNIFER RENEE CLARK, individually**　　　　　　　　　　　　　　　　　**PLAINTIFF**
**and on Behalf of All Wrongful Death Beneficiaries**
**of Albert Clark, and as Executrix of the Estate of**
**Albert Clark, Deceased, and as Guardian and Next**
**Friend of His Minor Children, K.R.C., J.N.C.,**
**A.D.C., and J.R.C.**

**VERSUS**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:08cv103 KS-MTP**

**EPCO, INC., d/b/a/**
**Enterprise Transportation Company, et al.**　　　　　　　　　　　　　　**DEFENDANTS**

**ORDER**

THIS MATTER is before court on the Defendants' Motion [26] to Strike and/or Quash Improper Witness Designation and for Protective Order, and on Plaintiff's Motion [29] to Extend Plaintiff's Expert Designation Deadline. Having considered the submissions of the parties and the arguments of counsel, the court finds that Defendants' Motion [26] should be DENIED and Plaintiff's Motion [29] should be GRANTED.

In their Motion [26], Defendants claim that Plaintiff's expert designation should be stricken because it was untimely and because it fails to properly comply with Rule 26 of the Federal Rules of Civil Procedure. In considering a motion to strike an improper expert designation, the court balances the four factors outlined in *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990). These four factors are analyzed below.

　　　1. <u>The explanation for the failure to identify the witness</u>. This factor favors the defense. The deadline for Plaintiff to designate experts expired on November 1, 2008. Plaintiff filed the expert designation [25] at issue on November 26, 2008, and provided signed letter reports to Defendants on December 22, 2008, but did not request additional time from the court to file the

tardy designation until January 8, 2009. *See* Motion [29]. Plaintiff's counsel blames his tardiness on an obscure calendar entry made by his secretary that went unnoticed and his attention to a trial in another matter. Plaintiff's counsel maintains that he noticed the missed deadline on November 21, 2008, and immediately attempted to contact defense counsel.

Plaintiff is reminded that the deadlines set forth in the Case Management Order cannot be amended by the agreement of the parties; rather, the deadlines "can be modified only by order of the court upon a showing of good cause." *See* Case Management Order [5] and Local Rule 16.1(B)(9)(c). There has been no showing of good cause for Plaintiff's delay.

2. <u>The importance of the testimony.</u> Plaintiff's proposed expert testimony relates to the causation and foreseeability of the accident. While the substance of this testimony may be in dispute, the proposed expert testimony appears important to Plaintiff's case and, therefore, this factor favors the Plaintiff.

3. <u>Potential prejudice in allowing the testimony</u>. This factor also favors the Plaintiff. While Plaintiff's designation was indeed untimely, Defendants have apparently known the identity (if not the testimony) of the Plaintiff's experts since September 15, 2008. Moreover, as noted below, the court will require Plaintiff to supplement her designation and will allow Defendants an additional thirty days from Plaintiff's supplementation, or until March 9, 2009, to designate liability experts. Based on the circumstances, it does not appear that Defendants will suffer any substantial or undue prejudice if the tardy designations/reports are allowed.

4. <u>The availability of a continuance to cure any prejudice.</u> As stated above, there appears to be no substantial prejudice to Defendants by Plaintiff's tardy designation.

However, Defendants have also correctly noted that Plaintiff's designation fails to

properly comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) requires a party's expert designation to be accompanied by a written report, signed and dated by the preparer, which **must contain the following**:

> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
> **(ii)** the data or other information considered by the witness in forming them;
> **(iii)** any exhibits that will be used to summarize or support them;
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> **(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

While the designations/reports contain much of the required information, they are missing certain elements required by Rule 26.[1] Specifically, Mr. Maxwell's designation/report is missing a statement of the compensation to be paid for the study and testimony in the case, required by Rule 26(a)(2)(B)(vi). Likewise, Mr. Alexander's designation/report is missing the following elements: (i) the basis and reasons for his opinions, (ii) the data or other information considered by the witness in forming them, (iii) any exhibits that will be used to summarize or support them, and (vi) a statement of the compensation to be paid for the study and testimony in the case. Rather than strike the designation, Plaintiff will be afforded an opportunity to correct the deficiencies and is ordered to supplement her designations/reports to **fully** comply with Rule 26 by February 9, 2009. To remove any undue prejudice to Defendants, the Case Management

---

[1] Defendants' motion does not mention the expert designation or report of G. Richard Thompson, Ph. D. Accordingly, to the extent Defendants' motion seeks to exclude Dr. Thompson's testimony, it is denied.

Order will be amended to extend Defendants' expert designation deadline. All other deadlines in the Case Management Order will remain in place.

IT IS, THEREFORE, ORDERED:

1. That Defendants' Motion [26] to Strike and/or Quash Improper Witness Designation and for Protective Order is DENIED, and Plaintiff's Motion [29] to Extend Plaintiff's Expert Designation Deadline is GRANTED;

2. Plaintiff shall supplement her expert designations/reports by February 9, 2009, to include all necessary elements required by Federal Rule of Civil Procedure 26(a)(2)(B) as set forth above; and

3. Defendants' liability expert and damages expert designation deadlines are extended to March 10, 2009.

SO ORDERED this the 2nd day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge