**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JENNIFER RENEE CLARK, individually**                                                    **PLAINTIFF**
**and on Behalf of All Wrongful Death Beneficiaries
of Albert Clark, and as Executrix of the Estate of
Albert Clark, Deceased, and as Guardian and Next
Friend of His Minor Children, K.R.C., J.N.C.,
A.D.C., and J.R.C.**

**VERSUS**                                                      **CIVIL ACTION NO. 2:08cv103 KS-MTP**

**EPCO, INC., d/b/a/
Enterprise Transportation Company, et al.**                               **DEFENDANTS**

## ORDER

THIS MATTER is before court on the Plaintiff's Motion [55] to Compel Discovery. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [55] should be granted in part and denied in part.

In her Motion [55], Plaintiff seeks the production of certain documents and things requested after the Rule 30(b)(6) deposition of Defendant Epco, Inc. on February 25, 2009. *See* Ex. A to Motion [55-2]. Plaintiff claims that she did not know of the existence of many of these documents until the Rule 30(b)(6) deposition and other recent depositions. Plaintiff further claims that many of these documents should have been produced with Defendants' initial disclosures and these documents are necessary for her to respond to the Defendants' pending dispositive Motion [31].[1]

Defendants claim, *inter alia*, that Plaintiff's Motion [55] should be denied because it is woefully insufficient under the applicable rules. For example, the Defendants correctly point out

---

[1] On April 29, 2009, District Court Judge Keith Starrett granted Plaintiff an extension of time until May 19, 2009, to respond to Defendants' Motion [31].

that: 1) Plaintiff failed to confer with Defendants in a good faith effort to resolve the discovery dispute prior to filing her motion as required by Local Rule 37.1(A); 2) Plaintiff failed to attach a good faith certificate to her motion as required by Local Rule 37.1(A); and 3) Plaintiff failed to quote the discovery requests and responses at issue, and the basis for compulsion as to each request. The court further notes that Plaintiff's motion is untimely, as it was not filed sufficiently in advance of the discovery deadline so as not to affect the deadline, as required by Local Rule 7.2(B)(2).

Ordinarily, the court would deny Plaintiff's motion on the sole basis that she failed to attach a good faith certificate to the motion, especially given Plaintiff's lack of attention to case deadlines and procedural requirements throughout this case. *See, e.g.*, Order [34]. However, after reviewing the Defendants' Response [59], it does not appear that requiring a good faith conference would be productive. Moreover, given the time sensitive nature of the pending dispositive Motion [31] and the late stage of litigation, requiring the Plaintiff to re-file the motion and await a response would create more problems than it would solve.

While Defendants may be correct in their assertion that some or all of the requested documents may not be ultimately admissible, Defendants may not unilaterally decide what claims are valid and take it upon themselves to limit the scope of discovery accordingly. The court finds that the vast majority of the requested documents are relevant to Plaintiff's claims, and are reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *see also Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (holding that the rules of discovery "are to be accorded a broad and liberal treatment"). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion [55] is GRANTED in part and DENIED in part. Plaintiff's Motion is GRANTED as to the following requests: Request Nos. 1-5; and 7-8. Plaintiff's Motion is DENIED as to Request Nos. 6 and 9; and

2. Defendants shall produce the documents and things responsive to the requests identified above by May 10, 2009.

SO ORDERED this the 1st day of May, 2009.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge