IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JENNIFER RENEE CLARK, individually**                                 **PLAINTIFF**
**and on Behalf of All Wrongful Death Beneficiaries**
**of Albert Clark, and as Executrix of the Estate of**
**Albert Clark, Deceased, and as Guardian and Next**
**Friend of His Minor Children, K.R.C., J.N.C.,**
**A.D.C., and J.R.C.**

**VERSUS**                                        **CIVIL ACTION NO. 2:08cv103 KS-MTP**

**EPCO, INC., d/b/a/**
**Enterprise Transportation Company, et al.**                          **DEFENDANTS**

## ORDER

THIS MATTER is before court on the Defendants' Motion [72] to Strike Improperly Served Requests for Admission and for Protective Order. Having considered the submissions of the parties and the applicable law, the court finds that Defendants' Motion [72] should be granted.

In their Motion [72], Defendants claim that Plaintiff's requests for admission served on April 14, 2009, should be stricken as untimely, and that they should be protected from answering such requests. Defendants correctly point out that the discovery deadline in this matter expired on April 15, 2009. *See* Case Management Order [19]. Accordingly, Plaintiff's requests for admission are in violation of Local Rule 26.1(B), which provides that counsel must initiate discovery requests sufficiently in advance of the discovery deadline so that all responses will be due by the discovery deadline. *See* Uniform District Court Rules, 26.1(B)(1) and (2); *see also Barnett v. Tree House Café, Inc.*, No. 5:05-cv-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006). Discovery requests that seek answers after the discovery deadline are not enforceable absent good cause shown. Uniform District Court Rules, 26.1(B)(2).

Plaintiff concedes her requests are untimely under Local Rule 26.1(B), but fails to offer any reason why she was prevented from serving such requests before April 14, 2009. Plaintiff has failed to show any good cause for the untimely requests for admission. Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendants' Motion [72] to Strike Improperly Served Requests for Admission and for Protective Order is GRANTED. Defendants are excused from answering Plaintiff's requests for admission served on April 14, 2009.

SO ORDERED this the 7th day of May, 2009.

s/ Michael T. Parker
United States Magistrate Judge