IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIFER RENEE CLARK, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES
OF ALBERT CLARK, AND AS EXECUTRIX OF THE
ESTATE OF ALBERT CLARK, DECEASED, AND AS
GUARDIAN AND NEXT FRIEND OF HIS MINOR
CHILDREN, K.R.C., J.N.C., A.D.C., and J.R.C.               PLAINTIFFS

VERSUS                                             CIVIL ACTION NO. 2:08cv103KS-MTP

EPCO, INC., d/b/a ENTERPRISE TRANSPORTATION
COMPANY; SEDRIC J. HARMON; AND UNKNOWN
FICTITIOUS PARTIES A – W                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Joint Motion to Dismiss and/or in the Alternative for Judgment as a Matter of Law and/or in the Alternative for Summary Judgment **[#31]** filed on behalf of the defendants. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motion for summary judgment is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

On May 18, 2005, at about 4:15 A.M., Sedric Harmon ran off the Northbound

travel lanes of Interstate 59 at mile marker 54.  Harmon was driving an eighteen wheeled tanker truck owned by EPCO and loaded with butane.  The plaintiff alleges that Harmon's actions in wrecking his truck in this single vehicle accident were negligent and, for purposes of this filing, the defendants assume such is correct.

Harmon's truck left the traveled portion of I-59, jack-knifed and overturned in the median between the North and Southbound lanes.  He was discovered by passing motorists and was transported from the scene in an ambulance to Forrest General Hospital at 4:32 A.M.   Harmon was the only one involved in the accident and was the only one injured directly by this accident.  As a result of the accident, the Mississippi Highway Patrol closed both the North and Southbound lanes of I-59 for several hours.

Sunrise occurred at Hattiesburg, Mississippi at 5:59 A.M. on the date of the accident.  At approximately 6:46 A.M., the plaintiffs' decedent, Master Sgt. Albert Clark, was stopped in the Southbound lane of I-59 at mile marker 61, approximately seven miles north of the accident scene.  Traffic had backed up in all lanes on the interstate due to the closing by the MHP to clear the wreckage of Harmon's truck.  Sgt. Clark had been driving in his Ford Taurus Southbound, *en route* to his job at Camp Shelby.  Clark stopped behind a parked tractor–trailer owned by Scott Leasing Co.

While Clark was stopped, a tractor–trailer owned by Mags Trucking, Inc. was being driven South on I–59 by Mags' driver Dalton Mayhair.  Mayhair was apparently driving too fast for the conditions and was not observant.  He collided violently with Clark's Taurus, pushing Clark and his car under the rear end of the trailer belonging to Scott Leasing Co.  Sgt. Clark was killed instantly.  Mags and Mayhair have no connection to the defendants.  Clark's widow, Jennifer Clark made a claim against Mags

and Mayhair for negligently killing her husband. Mags and Mayhair and their liability insurer paid the plaintiffs' claim in the amount of $954,294.74. Mrs. Clark subsequently filed this civil action asserting that she had not been fully compensated for the loss of her husband and the damages occasioned thereby.

The defendants filed the instant motion on January 26, 2009. Upon motion of the plaintiffs, the court allowed the completion of discovery before requiring the plaintiffs to respond to this motion, on May 19, 2009. Prior to that date, on or about April 29, 2009, the defendants filed four additional motions for partial summary judgment and a *Daubert* motion to strike the plaintiffs' expert. Because the court finds that the instant motion should be granted on summary judgment grounds, there is no need to address the other five pending motions on their merits.

## STANDARD OF REVIEW

### Dismissal

The defendants have first moved under Federal Rules of Civil procedure 12(b)(6) for dismissal. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990). As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos*

*County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted). See also, *Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ____ U.S. ____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).

However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss. *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954). Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial. Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-pleaded allegations of the complaint in ruling on it.

If any matters outside the complaint are considered, the motion is converted to one for summary judgment. Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material. It is not relevant how the defense is actually denominated." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990). Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment. In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56. *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980). On a 12(b)(6) motion, of course the court must view all well-pleaded facts as true and in the light most favorable to the non-moving party. However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law." C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).

**Summary Judgment**

Since the parties have completed discovery; the defendants moved in the alternative for summary judgment; and, both parties have presented extra-pleading

materials, there is no need to convert the motion to dismiss into one for summary judgment. Instead, the court will address the alternative motion for summary judgment only, as it is dispositive.

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law

-6-

will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the

nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The plaintiffs have charged the defendants with providing the conditions, occurrence, time and place for Sgt. Clark's death, notwithstanding the time chronology, distance factors and intervening actions by law enforcement to the contrary. Consequently, the defendants have brought the present motion asserting that the Supreme Court of Mississippi has repeatedly held that both the existence *vel non* of a duty and its scope (including the "foreseeability" component of a duty) are pure issues of law and, further, that an act which merely furnishes occasion, condition, time and/or place for another's injury cannot be regarded as the proximate cause of injury dealt by

another tortfeasor.

Concerning the issue of a duty owed, the Mississippi Supreme Court has plainly stated that a plaintiff must establish not merely that a duty was breached but that the duty breached was owed to the plaintiffs' decedent and that these are questions of law, not fact questions for the plaintiffs or their opinion witnesses. *See, e.g., Rein v. Benchmark Construction Co.*, 865 So.2d 1134 (Miss. 2004):

> Duty and breach of duty are essential to finding negligence and must be demonstrated first. *Strantz v. Pinion*, 652 So.2d 738, 742 (Miss.1995).
>
> While **duty and causation both involve foreseeability**, duty is an issue of **law**, and causation is **generally** a matter for the jury. Juries are not instructed in, nor do they engage in, consideration of the policy matters and the precedent which define the concept of duty. W. Page Keeton, *Prosser and Keeton on Torts* §§ 37, at 236 (5th ed. 1984). This Court has held that the existence *vel non* of a duty of care is a question of law to be decided by the Court. *Foster v. Bass*, 575 So. 2d 967, 972-73 (Miss. 1990).

865 So.2d at 1143, (emphasis in original). *See also Warren, ex rel. Warren v. Glascoe*, 880 So.2d 1034, 1037 (Miss. 2004)( "Whether a duty exists is a question of law.").

Likewise, the Mississippi Court held in *Southland Management Co. v. Brown*, 730 So.2d 43, 45 (Miss. 1998), that "[a] claim based on negligence must begin with the existence of a duty owed by the defendant to the plaintiff and a breach of that duty. *Skelton v. Twin County Rural Electric Association,* 611 So. 2d 931, 936 (Miss. 1992)."

Interpreting Mississippi law, the Fifth Circuit has held:

> Under Mississippi law the elements of negligence are: duty, breach, causation and damages. . . . [Plaintiff] has not put forward sufficient evidence to support a finding that Coggins breached a duty of care to [the decedent] a pedestrian already outside the path of the truck and standing to the side of the vehicle. [Plaintiff] has not provided evidence that would take this case out of the realm of conjecture. *See Thomas [v. Great Atlantic & Pacific Tea Co., Inc.*, 233 F.3d 326, 329–]330 [(5th Cir. 2000)

> *(quoting K Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1989)].
> Because there is no evidence that Coggins breached any duty to Brewer
> to cause the [decedent's] accident, [Plaintiff] cannot establish the elements
> of negligence. . . . We affirm the district court's finding of summary
> judgment for the defendants.

*Chan v. Coggins*, 294 Fed. Appx. 934, 939, 2008 U.S. App. LEXIS 20987 (2008).

The Mississippi Supreme Court had occasion to discuss the issue of duty and causation relative to time in place in *Robison v. McDowell*, 247 So.2d 686 (Miss. 1971):

> This Court said in *Hoke v. W.L. Holcomb & Assoc., Inc.*, 186 So. 2d 474
> (Miss. 1966) and in the prior case of *Mississippi City Lines, Inc. v. Bullock*,
> 194 Miss. 630, 133 So. 2d 34 (1943), that negligence which merely
> furnished the condition or occasion upon which injuries are received, but
> does not put in motion the agency by or through which the injuries are
> inflicted, is not the proximate cause thereof. In *Bullock*, the defendant
> negligently parked the bus on which plaintiff was a passenger in a
> restricted zone, and this wrongful act was the cause of the minor plaintiff
> crossing the street at the particular point where a negligent motorist ran
> him down. In *Hoke*, the defendant was negligent in allowing a safe method
> of crossing the highway to become unusable and thereby causing plaintiff
> to cross at street level where he was run down by a negligent motorist.
> The cited cases hold that negligence is remote and non–actionable which
> merely causes a person to be at a particular place at a particular time
> where such person is injured as a result of the negligent act of another,
> who puts in motion a different and intervening cause which efficiently
> leads in unbroken sequence to the injury. Under the cited cases and
> *Green v. Hodges*, 227 Miss. 475, 86 So. 2d 35, Sug. of Error and Motion
> to Dismiss Appeal Overruled, 227 Miss. 482, 87 So. 2d 87 (1956), the
> foreseeability rule [regarding duty] is not satisfied. The requirements of the
> law [regarding duty] as to foreseeability can probably be better expressed
> in terms of how far the responsibility of an actor extends. If the act
> complained of is only a remote cause, superseded by an independent,
> efficient intervening cause that leads in unbroken sequence to the injury,
> the original negligent act is not a proximate, but a remote cause. Thus, not
> being foreseeable, the original cause is not actionable. In our view, when
> measured by the settled rules of the law of negligence, Robison is not
> liable. The facts relied upon by plaintiff involve facts fundamentally
> different and are not persuasive. In *Canton Broiler Farms*, . . . the
> negligence of defendant in failing to put out flares was a continuing act of
> negligence which was a direct and proximate cause of the collision, and
> the collision was the normal incident of the risk created by the defendant's
> negligence. *Nobles v. Unruh*, . . . involved a typical case of two concurring

proximate causes of a collision. In *Whitten v. Land*, . . . the defendant Williams' negligence in operating a disabled truck resulted in it stalling in a public highway (the same as if he had parked blocking the traffic lanes). Land, the plaintiff came up behind Williams' parked panel truck, but could not pass because of oncoming traffic. Thus, Land was forced to remain stopped when he was rear–ended and knocked into the Williams' vehicle. In that case Williams' negligence was continuing and active to the moment of the collision. Not only was some injury foreseeable, but that which did happen was most probable. (citations omitted).

Reversed and rendered.

*Robison*, 247 So.2d at 688-689.

As pointed out by the defendants, in these examples the Mississippi Supreme Court found that even though the victims were injured immediately at the place and time of the original actor's negligence, no duty was owed/breached to a minor bus passenger/pedestrian negligently let off in a restricted area, and no duty was owed/breached to a pedestrian who was forced to cross in a dangerous place because the safe crossing was compromised by the defendant's negligence. The court reached these conclusions because the duties allegedly owed to each of the injured parties did not directly and proximately connect to their injuries, having been superseded by breaches of duties by others. This is precisely what the defendants are arguing here.

The defendants correctly assert that Harmon's negligence in wrecking his truck occurred two and one-half hours before the intervening negligence of Mayhair, which directly and proximately caused Sgt. Clark's death. Further, Mayhair's negligent act occurred approximately seven miles north of and on the other side of the Interstate Highway from where Harmon wrecked his truck. Not deterred by these obvious facts, the plaintiffs argue that it was foreseeable to Harmon that should he negligently wreck his truck, some injury could occur to other motorists. While true in its strictest sense,

-11-

the question is how remote in time and place does foreseeability run for purposes of duty and causation?  Theoretically, under the plaintiffs' argument, if Sgt. Clark had made his way through the traffic delay and proceeded on an open highway to work where he later was involved in a fatal collision at the entrance of Camp Shelby on U.S. Highway 49, but for having been delayed on I-59, this hypothetical accident would not have happened, and EPCO would be liable therefor.  That is absurd.

Certainly, Harmon had duty to other motorists to use reasonable care in operating his truck.  However, that duty, and the subsequent assumed breach thereof, cannot be stretched in time and place to provide a duty to Sgt. Clark or causation for Sgt. Clark's unfortunate death at the hands of Mayhair.  In fact, causation is but another problem with the plaintiffs' theory of recovery.  She confuses causation with duty and blurs the lines of distinction between them.

The Mississippi Supreme Court has clearly held that the issue of causation is not reached until the foundational elements of duty and breach thereof is resolved in favor of liability.  *See Moss v. Batesville Casket Company Inc.,* 935 So.2d 393 (Miss. 2006)(citing *May v. V.F.W. Post 1539*, 577 So. 2d 372, 375 (Miss. 1991)).  The *Moss* court held:

> In *May*, 577 So.2d at 375, this Court stated:
>
> Because May brought a negligence claim against the VFW, he had to prove by a preponderance of the evidence: duty, breach of duty, proximate cause and damages.  *Foster v. Bass*, 575 So.2d 967, 972 (Miss.1990); *Palmer v. Biloxi Regional Medical Center, Inc.*, 564 So.2d 1346, 1354 (Miss.1990); *Phillips v. Hull*, 516 So.2d 488, 491-92 (Miss.1987). **"Only when the first two items are shown is it possible to proceed to a consideration of proximate cause since a duty and breach of that duty are essential to a finding of negligence** under the traditional and accepted formula." *Foster*, 575 So.2d at 972 .

. . .
Here the Plaintiffs fail to establish what duty the Defendants owed.

*Moss*, 935 So.2d at 406-07, (emphasis in original).

The *Moss* Court also remarked that "the existence of a hundred contested issues of fact will not thwart summary judgment when there is no genuine dispute regarding the material issues of fact." *Id.* at 399 (quoting *Simmons v. Thompson Mach. of Miss., Inc.*, 631 So.2d 798, 801 (Miss.1994) (citing *Shaw v. Burchfield*, 481 So.2d 247, 252 (Miss.1985)).

The plaintiffs argue that it was foreseeable to Harmon that negligence on his part leading to his accident could cause a subsequent accident at some other possible time, i.e., to Sgt. Clark two and one-half hours later and seven miles away across the interstate, thus creating a duty on the part of Harmon to Clark. The defendants argue that the foreseeability of the possibility of some harm to someone from the assumed negligence of Harmon cannot be transformed into a duty to Sgt. Clark under the facts of this case.

Foreseeability is, as the Mississippi Supreme Court declares, not merely a part of the subsequent and separate causation analysis but is first a part of the legal determination of a duty and the scope of the group to which a duty is owed. *See Patterson v. Liberty Associates, L.P.*, 910 So. 2d 1014 (Miss. 2004). *Patterson* held:

> The elements of a negligence action are well–settled in Mississippi. A plaintiff in a negligence suit must prove by a preponderance of the evidence (1) duty, (2) breach of duty, (3) causation, and (4) injury. *Miss. Dep't of Transp. v. Cargile*, 847 So.2d 258, 262 (Miss. 2003). To recover a plaintiff must prove causation in fact and proximate cause. *Jackson v. Swinney*, 244 Miss. 117, 123, 140 So. 2d 555, 557 (1962) . . . We have observed that in order for a person to be liable for an act which causes injury, "the act must be of such a character, and done in such a situation,

that the person doing it should have reasonably anticipated that some injury to another will probably result therefrom." *Mauney v. Gulf Ref. Co.*, 193 Miss. 421, 8 So. 2d 249, 9 So. 2d 780, 780–81 (1942) "Foreseeability is an essential element of both duty and causation." *Delahonssaye [v. Mary Maloney's, Inc.*], 783 So 2d [666] at 671 [(Miss. 2001)].

910 So.2d at 1019.

Thus, the plaintiffs' blurring of the foreseeability issue involved in duty and causation is entirely understandable. It is difficult to distinguish foreseeability as to duty and foreseeability as to causation in this case where causation grows out of the convoluted duty question as presented by the plaintiffs. Indeed, as the court has said, taken to its extreme, the plaintiffs' "but for" duty argument would create almost endless liability for one guilty of a single isolated incidence of negligence. Therefore, while the Mississippi Court has stressed that duty is a prerequisite to causation, this court finds that discussing duty in a vacuum is unproductive and even though the court ultimately concludes that no duty to Sgt. Clark existed under the facts of this case, a discussion of causation informs that finding.

The Mississippi Supreme Court has also held numerous times that causation can be a question of law to be addressed in the first instance by the court. A number of these cases were discussed in *Causey v Sanders*, 998 So.2d 393 (Miss. 2008). *Causey* held:

> This Court has found that for an "intervening and superceding cause to extinguish liability of the original actor, the cause must be unforeseeable." *Thomas v. The Columbia Group, LLC*, 969 So.2d 849, 854 (Miss. 2007) (citing *Newell v. S. Jitney Jungle Co.*, 830 So.2d 621, 623 (Miss. 2002)).
>
> This Court has further held, "[t]he law dealing with the duty to foresee the imprudent acts of others appears under the general rubric of the jurisprudence of 'intervening cause.'" *Southland Mgmt. Co. v. Brown By & Through Brown*, 730 So.2d 43,46 (Miss. 1998). The Second Restatement

-14-

of Torts defines a superseding cause as "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Id.* (citing Restatement (Second) of Torts § 440 (1965)). Under this theory, an original actor's negligence may be superceded by a subsequent actor's negligence, if the subsequent negligence was unforeseeable. *See Southland Mgmt. Co.*, 730 So.2d at 46. This Court has held that, if "the intervening cause is one which in ordinary human experience is reasonably to be anticipated, or one which the defendant has reason to anticipate under the particular circumstances," the subsequent actor's negligence is foreseeable and does not break the chain of events between the negligence of the first actor and injury. *Id.* (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 44 (5th ed. 1984)). *See also Pargas of Taylorsville, Inc. v. Craft*, 249 So.2d 403, 408 (Miss. 1971) (holding that a defendant is chargeable only with anticipating reasonable probabilities; therefore a person is not bound to anticipate the unusual, improbable, or extraordinary occurrence, although such happening is within the range of possibilities) (citation omitted).

Although UMC anticipated Allen would die within six months, it cannot be fairly argued that UMC reasonably anticipated Allen's death would be from an overdose. This Court ruled in *Robison v. McDowell*, "negligence which merely furnished the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." *Robison v. McDowell*, 247 So.2d 686, 688 (Miss. 1971) (citations omitted). Thus, "[i]f the act complained of is only a remote cause, superseded by an independent, efficient intervening cause that leads in unbroken sequence to the injury, the original negligent act is not a proximate, but a remote, cause. Thus, not being foreseeable, the original cause is not actionable." *Robison*, 247 So.2d at 689.

"[N]egligence is remote and non-actionable which merely causes a person to be at a particular place at a particular time where such person is injured as a result of the negligent act of another, who puts in motion a different and intervening cause which efficiently leads in unbroken sequence to the injury.*" Entrican v. Ming*, 962 So.2d 28, 36 n. 2 (Miss.2007)(citation omitted).

*Causey*, 998 So.2d at 405-06.

In fact, the Mississippi Supreme Court has decided, several times, that negligence (in this case, assumed negligence) which merely furnishes the condition or

occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof. See *Kay L. Newell v. Southern Jitney Jungle Company*, 830 So. 2d 621 (Miss. 2002), which held:

> The better method of examining this issue is under the traditional concepts of intervening and superceding causes. For such intervening and superceding cause to extinguish the liability of the original [negligent] actor, the cause must be unforeseeable. *Wal-Mart Stores, Inc. v. Johnson*, 807 So. 2d 382, 390 (Miss. 2001). Furthermore, "negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." *Miss. City Lines v. Bullock,* 194 Miss. 630, 13 So.2d 34, 36 (1943)

*Id.*, at 623. Further, in 1939, the Mississippi Supreme Court stated in *Kramer Service, Inc. v. Wilkins*, 184 Miss. 483, 497, 186 So.2d 625, 627 (1939), "[i]t is not enough that negligence of one person and injury to another coexisted, but the injury must have been caused by the negligence."

In this case, the defendants correctly assert that Harmon's negligence did not "coexist" with Sgt. Clark's death. In *Tombigbee Electric Power Association v. Gandy*, 216 Miss. 444, 452, 62 So.2d 567, 569 (1953), the Supreme Court said that even though the defendant may have created a dangerous situation, danger alone is not negligence and, "[e]ven where the negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage. "

After having carefully analyzed the evidence produced by both parties, and viewing all reasonable inferences in favor of the plaintiffs, the court reaches the inescapable conclusion that Harmon owed no duty to Sgt. Clark and further that the assumed negligence of Harmon for purposes of this motion was not a proximate cause

of Sgt. Clark's death. Harmon's assumed negligence was simply too remote in time and place and was displaced by the intervening and superseding negligent acts of Mayhair.

IT IS THEREFORE ORDERED AND ADJUDGED that the Alternative for Summary Judgment **[#31]** filed on behalf of the defendants is granted and the plaintiffs' Complaint is dismissed with prejudice and that all other motions are denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 29th day of July, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE