IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JENNIFER RENEE CLARK,** *Individually*  PLAINTIFF
*and on Behalf of All Wrongful Death Beneficiaries*
*of Albert Clark, and as Executrix of the Estate of*
*Albert Clark, Deceased, and as Guardian and*
*Next Friend of His Minor Children, K.R.C.,*
*J.N.C., A.D.C., and J.R.C.*

v.  No. 2:08cv103-KS-MTP

**EPCO, INC., et al.**  DEFENDANTS

## ORDER ON MOTION TO SEAL

THIS MATTER is before the court pursuant to the motion of Epco, Inc. ("Epco") for sanctions filed on or about August 12, 2009. The motion was filed conventionally. (Notice [101].) The caption of the document reads "FILED UNDER SEAL," which the court construes as a motion to seal the document. For the reasons which follow, the court finds that the request to seal the document should be denied and that Epco be required to re-file the document electronically as a public record, with the redactions discussed below.

Uniform Local Rule 83.6 provides that court records are presumptively in the public domain except as may be provided by statute, rule or court order. In order to file a document under seal, the filing party must obtain, for good cause shown, a court order sealing the document or portions thereof. *See* Local Rule 83.6(B). Filing documents under seal is disfavored, and should only be allowed in "unusual" circumstances. *See Viverette v. Home Depot U.S.A.*, No. 2:05CV368-LG-JMR, 2008 WL 648966, at *1 (S.D. Miss. Mar. 4, 2008).

Epco does not identify which portions of the motion for sanctions require protection from public disclosure and has not first obtained an order permitting the motion to be filed under seal.

However, out of an abundance of caution, the court has reviewed the motion and attachments *in camera* and finds that the document does not appear to contain information that should be shielded from public disclosure. The bulk of the motion and attachments consists of copies of cases, opinions and orders which are public record in other courts, and affidavits, pleadings or other discovery responses exchanged in this case. Many of the records are already in the public domain. The text of the motion itself addresses matters which may be unpleasant, but does not appear to include confidential or other information which would justify sealing the document.

Only one portion of the motion appears to merit protection or redaction. Exhibit "2" to the motion is an order from the Chancery Court of Lamar County granting authority to settle the claims of minor children, all of whom are identified by name and birth date in the order. Under Local Rule 8.1, birth dates and the names of minor children are considered "Personal Identifiers" which are subject to redaction. Accordingly, the birth dates and the names of the children identified in the opening paragraph and paragraphs 1, 2, and 4 of Exhibit "2"should be redacted.

IT IS, THEREFORE, ORDERED as follows:

1. Epco's motion to seal is DENIED;
2. Epco shall immediately re-file its Motion for Sanctions electronically, and shall redact the birth dates and the names of the minor children included in Exhibit 2 to the motion as set forth above.
3. This order is entered without prejudice to the rights of any party to seek relief from its provisions, or to modify its provisions, on a showing of good cause.

SO ORDERED this the 14th day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge