IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIFER RENEE CLARK, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES
OF ALBERT CLARK, AND AS EXECUTRIX OF THE
ESTATE OF ALBERT CLARK, DECEASED, AND AS
GUARDIAN AND NEXT FRIEND OF HIS MINOR
CHILDREN, K.R.C., J.N.C., A.D.C., and J.R.C.                          PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 2:08cv103KS-MTP

EPCO, INC., d/b/a ENTERPRISE TRANSPORTATION
COMPANY; SEDRIC J. HARMON; AND UNKNOWN
FICTITIOUS PARTIES A – W                                             DEFENDANTS

## ORDER

This matter is before the court on an Emergency Motion to Strike **[#108]** filed on behalf of the plaintiffs. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

Final judgement was entered in this matter on July 29, 2009, upon the granting of a motion to dismiss in favor of the defendants. On August 14, 2009, defendant Epco Inc. filed a Rule 11 Motion for Sanctions for attorneys fees [104]. On August 25, 2009, the plaintiffs filed the present motion asserting that the defendant had filed the Rule 11 motion without complying with the mandatory safe harbor notice provisions of Fed. R. Civ. P. 11(c).

Under Rule 11, the Federal Rules of Civil Procedure require that every "paper"

presented to the court with factual contentions "have evidentiary support," and that "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11. The Rule provides for sanctions against "any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.*; *see also Worrell v. Houston Can! Academy*, 287 Fed. Appx. 320, 323 (5th Cir. 2008).

As to notice, the rule provides, in pertinent part:

> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
>
> (1) How Initiated.
>
> (A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.
>
> * * * * * *

Fed.R.Civ.P. 11(c)(1)(A) (as amended April 22, 1993, eff. December 1, 1993).

The Fifth Circuit has unequivocally held that "[t]he plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995). It is undisputed that the defendants did not comply with the rule in that the motion was filed and then served on the plaintiffs' counsel the same

day.

The defendants argue in response to the motion that notice is pointless as the case has been dismissed and the plaintiffs cannot withdraw the offending papers. They assert that the plaintiffs were warned by the defendants throughout the proceeding as to what the defendants considered to be sanctionable conduct. However, the defendants never filed a Rule 11 motion until after the court had dismissed the action.

This court has previously held that a Rule 11 motion filed after dismissal without proper notice is improper. *See Hearn v. Advanced Bionics Corp.*, 2008 WL 3896431 (S.D. Miss. 2008). In *Hearn* this court held "[b]y filing their motion after the final judgment has been entered, the Plaintiff in this case denies the Defendant any opportunity to correct the violation before seeking sanctions against them." Additionally, this court went on to recognize that "[n]umerous other courts have held that Rule 11 cannot be used after a judgment has been entered, and that a motion for sanctions must be submitted prior to dismissal of the case." *Id.* at *2, (citing *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); and *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997).

IT IS THEREFORE ORDERED AND ADJUDGED that the Emergency Motion to Strike **[#108]** filed on behalf of the plaintiffs is granted and the defendants motion for Rule 11 Sanctions **[#104]** is stricken from the record as being improperly filed.

SO ORDERED AND ADJUDGED this the 2nd day of September, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE