IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JENNIFER RENEE CLARK, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES
OF ALBERT CLARK, AND AS EXECUTRIX OF THE
ESTATE OF ALBERT CLARK, DECEASED, AND AS
GUARDIAN AND NEXT FRIEND OF HIS MINOR
CHILDREN, K.R.C., J.N.C., A.D.C., and J.R.C.**            **PLAINTIFFS**

**VERSUS**                                **CIVIL ACTION NO. 2:08cv103KS-MTP**

**EPCO, INC., d/b/a ENTERPRISE TRANSPORTATION
COMPANY; SEDRIC J. HARMON; AND UNKNOWN
FICTITIOUS PARTIES A – W**                             **DEFENDANTS**


**ORDER ON TAXATION OF COSTS**

This matter is before the court on the defendants's Motion for Costs **[#108]**. The court, having reviewed the motion, the response, the briefs of counsel, the authorities cited and being otherwise fully advised in the premises, finds that the motion is well taken in part and should be granted as set forth below. The court specifically finds as follows:

On May 18, 2005, at about 4:15 A.M., defendant Sedric Harmon ran off the Northbound travel lanes of Interstate 59 at mile marker 54. Harmon was driving an eighteen wheeled tanker truck owned by EPCO and loaded with butane. The plaintiff alleged that Harmon's actions in wrecking his truck in this single vehicle accident were negligent.

Harmon's truck left the traveled portion of I-59, jack-knifed and overturned in the

median between the North and Southbound lanes. He was discovered by passing motorists and was transported from the scene in an ambulance to Forrest General Hospital at 4:32 A.M. Harmon was the only one involved in the accident and was the only one injured directly by this accident. As a result of the accident, the Mississippi Highway Patrol closed both the North and Southbound lanes of I-59 for several hours.

Sunrise occurred at Hattiesburg, Mississippi at 5:59 A.M. on the date of the accident. At approximately 6:46 A.M., the plaintiffs' decedent, Master Sgt. Albert Clark, was stopped in the Southbound lane of I-59 at mile marker 61, approximately seven miles north of the accident scene. Traffic had backed up in all lanes on the interstate due to the closing by the MHP to clear the wreckage of Harmon's truck. Sgt. Clark had been driving in his Ford Taurus Southbound, *en route* to his job at Camp Shelby. Clark stopped behind a parked tractor–trailer owned by Scott Leasing Co.

While Clark was stopped, a tractor–trailer owned by Mags Trucking, Inc. was being driven South on I–59 by Mags' driver Dalton Mayhair. Mayhair was apparently driving too fast for the conditions and was not observant. He collided violently with Clark's Taurus, pushing Clark and his car under the rear end of the trailer belonging to Scott Leasing Co. Sgt. Clark was killed instantly.

Mags and Mayhair have no connection to the defendants. Clark's widow, Jennifer Clark made a claim against Mags and Mayhair for negligently killing her husband. Mags and Mayhair and their liability insurer paid the plaintiffs' claim in the amount of $954,294.74. Mrs. Clark subsequently filed this civil action asserting that she had not been fully compensated for the loss of her husband and the damages occasioned thereby. On July 29, 2009, this court granted summary judgment in favor of

the defendants and dismissed the Complaint with prejudice.  The defendants have filed the present motion seeking costs.

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs.  That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P.  The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;
>
> (4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) docket fees under § 1923 of this title;
>
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The defendants have filed a Bill of Costs totaling $2,993.12 to which the plaintiff has objected   to all but $38.00.  This court notes that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates.  Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.

2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986). The defendant has made a cursory attempt to comply with this admonition in the initial motion and has provided more information in its reply brief.

The first category of costs requested is fees for service of summons and subpoenas in the amount of $221.42, which are generally an allowable cost. The plaintiff objects and assert that this item is neither a fee of the clerk nor of the marshal and, thus should not be allowed. The defendants respond that there is no provision in Section 1920 that limits statutory cost recoveries to service fees paid to the U. S. Marshal, nor does the law forbid use of private process servers. The defendant goes on to contend that the Bill of Costs Form used in this District Court merely requires that "Fees for service of Subpoena be segregated and documented," an that Section 1920 authorizes taxation of miscellaneous expenses. This is a recoverable item of cost.

The next category is fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. The defendant has itemized costs of $801.40 for this category. Under the itemization supporting this category, the defendants set out the costs of copies of depositions for the witnesses deposed to reply to the plaintiff's response to the summary judgment motion.

The defendants contend that over their objections, the plaintiff's counsel insisted upon taking the depositions of two EPCO employees, one of them a 30(b)(6) designee, and the former employee Harmon, all noticed for the plaintiff's express purpose of being able to counter the "factual" contentions of the defendants as raised in the Joint Motion to Dismiss.

The plaintiff objects and asserts that this item was for copies of discovery depositions for the convenience of counsel and that these depositions were not noticed by the defendants for the purpose of supporting their Motion for Summary Judgment. Rather, the plaintiff argues, the defendants argued that said depositions were not necessary. Further, the defendants did not pay for the originals of these discovery depositions, instead, all three depositions taken in this case were noticed by the plaintiff, and the originals thereof and the appearance fees of the court reporters were paid for by plaintiff.

The cost of original depositions are usually recoverable by the prevailing party. As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099. A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518,536 (5th Cir. 1999). Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable expectation that the deposition may be used for

trial preparation, it may be included in costs." *Id.* (*citing Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The defendants, while not offering an affidavit of the necessity of obtaining the copies, have offered argument of the the necessity as to why the copies of the depositions were reasonably necessary and what they were ultimately used for. The defendants are awarded $801.40 for this item of costs.

The next two categories of requested costs are witness fees and fees for expert witnesses in the amount of $300.00 for witness fees for defendant Harmon and $1,500.00 for the defendants' expert. The plaintiff responds that Harmon is a party and he is expected to participate in the proceedings without charging a fee and that the deposition was conducted in his local Parish in Louisiana, where he lives or works, thus even if a witness fee were allowable to a party, he would not be entitled to mileage. The plaintiff also points out that his deposition only lasted about two hours or less.

The defendants reply to the objection by arguing that Harmon was terminated by EPCO, Inc., shortly after the subject accident; EPCO no longer had the ability to control Harmon's hours of work, travel or hours of availability for deposition preparation and depositions. Further, the defendants contend that Harmon works at night and sleeps during daylight hours and that he had to miss his work for two nights, before his deposition preparation and before he was deposed the next day, so he could sleep before each event.

As to the defendants' request for reimbursement of its expert witness fee, the plaintiff argues that Gerald Lee, the defendants' economist was not appointed by the court to interpret anything. Nor was his interpretation used in the Motion for Summary Judgment. The defendant presents a rambling argument asserting that the plaintiff's actions in pursuing what defendants characterize as her frivolous complaint caused the defendant to engage Lee to rebut the plaintiff's allegations.

Witness fees are governed by 28 U.S.C. § 1821. In explaining the interrelation of Fed.R.Civ.P. 54(d)(1) (relating to costs other than attorneys' fees), 28 U.S.C. § 1920 (listing "costs" that may be taxed by a federal court), and 28 U.S.C. § 1821 (authorizing *per diem* and travel expenses for witnesses), the Supreme Court has held "that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987)[1] Thus, witness or expert witness fees in excess of the standard witness *per diem* and travel allowances cannot be taxed as costs unless there is a specific statutory provision which allows such. *See also Leroy v. Houston*, 831 F.2d 576, 584 (5th Cir.1987). The defendants have improperly requested witness fees in excess of the allowable *per diems* for its witnesses and these two items

---

[1] The wording of Rule 54(d)(1) has been slightly amended since *Crawford*. Compare Fed.R.Civ.P. 54(d)(1) (2001) with *Crawford*, 107 S.Ct. at 2497. But the operative language remains substantially the same in pertinent part. In relevant part, current Rule 54(d)(1) reads: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The *Crawford* Court explained that § 1920 defines "costs" as used in Rule 54(d)(1) and enumerates the expenses that a federal court may tax as costs. *Crawford*, 107 S.Ct. at 2497. Section 1920 permits compensation for expert witnesses only when those witnesses are appointed by the court. 28 U.S.C. § 1920(6).

are denied.

The next item for which the defendants seek to recover costs for is "fees for exemplification and copies of the papers necessarily obtained for use in the case" in the amount of $170.30.  The plaintiff contends that about two thirds of this item were for the purchase of defendant Harmon's medical records, $102.95 and $9.35; that $20.00 was for past medical records of Sgt. Clark from Hattiesburg Clinic; and, that $38.00 was for copies of the accident reports of the two related accidents from different reporting law enforcement agencies.  The plaintiff does not object to this last portion of the item.

These costs are specifically provided for by § 1920 to the extent that they were necessary for preparation of the case.  The court is not convinced that the medical records of either Harmon (a co-defendant) or Clark (who died instantly) were necessary in the preparation of the case and costs for this category are only awarded in the amount of $38.00 for the accident reports.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion for Costs **[#108]** is granted in part and the defendants are awarded a total judgment for costs in the amount of $1,060.82, (service of summons and subpoenas in the amount of $221.42; fees of the court reporter in the amount of $801.40; and fees for exemplification and copies of papers necessarily obtained for use in the case in the amount of $38.00) plus interest at the rate of .35% until paid, for all of which let execution issue.

SO ORDERED AND ADJUDGED this the 23rd day of November, 2009.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE